UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY J. MCKENDALL,**<br>　　Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2631** |
| **U.S. ARMY CORPS OF ENGINEERS,**<br>**NEW ORLEANS DISTRICT,**<br>　　Defendant | **SECTION: "E"(2)** |

### ORDER AND REASONS

Plaintiff filed an amended complaint on March 18, 2016.[1] In response, the Government filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).[2] The motion is based on the Government's argument that the Court lacks subject-matter jurisdiction over Plaintiff's claims and, as a result, his claims should be dismissed.

Plaintiff's opposition to the motion was due on April 12, 2016. No opposition was filed. Even if Plaintiff had filed an opposition, the Government's argument that the Court lacks subject-matter jurisdiction would prevail.

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[3] A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter jurisdiction.[4] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to

---

[1] R. Doc. 16.
[2] R. Doc. 17.
[3] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[4] *See* FED. R. CIV. P. 12(b)(1).

1

adjudicate the case."[5] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[6]

In this case, the Government is correct that the Court lacks subject-matter jurisdiction over this action. The United States and its agencies are immune from suit, except to the extent that sovereign immunity is waived.[7] Thus, this Court is without jurisdiction to hear Plaintiff's claims unless there is some specific waiver of immunity to the claims Plaintiff attempts to assert against the Government. It is Plaintiff's burden to demonstrate that this Court has subject-matter jurisdiction. Plaintiff has failed to carry his burden. Even construing Plaintiff's amended complaint liberally in light of his *pro se* status, the Court agrees with the Government that the Plaintiff has not demonstrated a waiver of sovereign immunity with respect to his claims.

Accordingly;

**IT IS ORDERED** that the Governments Rule 12(b)(1) motion to dismiss is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 10th day of June, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[6] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[7] *See, e.g., La. Dep't of Environmental Quality v. EPA*, 730 F.3d 446, 448 (5th Cir. 2013).